ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| GEOVANI SOTO PONCE<br><br>Parte Peticionaria<br><br>v.<br><br>LUZEM ARLENE TORRES OSORIO<br><br>Parte Recurrida | KLCE202401321 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2022RF00544<br><br>Sobre: Divorcio R.I. |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece Geovany Soto Ponce (Sr. Soto Ponce) y nos solicita que revoquemos una resolución interlocutoria emitida y notificada el 6 de noviembre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.

Examinado el recurso, y de conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, 4LPRA Ap. XXII-B, R. 7(B)(5), denegamos la expedición del auto de *certiorari,* sin trámite ulterior.

**I.**

En el contexto de un pleito sobre divorcio, en el que se dilucida la custodia de hijos menores de edad procreados en común, el TPI ordenó a la Unidad Social de Relaciones de Familia y Menores a realizar un estudio social sobre custodia y relaciones filiales, y a presentar el correspondiente informe social. El 12 de agosto de 2024, la trabajadora social Miosotis Berríos Rodríguez (TS Berríos Rodríguez) rindió el informe requerido.

Así las cosas, el Sr. Soto Ponce notificó al TPI su intención de impugnar el informe social y el nombre del perito que utilizaría para ello. También solicitó que éste tuviera acceso a los documentos del caso. Subsiguientemente, el Sr. Soto Ponce presentó una *Moción informando que se estará realizando un descubrimiento de prueba dirigido a la trabajadora social y requiriendo un término para ello,* cuyo título explica por sí mismo su propósito.

De tal forma, el Sr. Soto Ponce cursó a la TS Berríos Rodríguez un requerimiento de producción de documentos. Recibido el requerimiento, la TS Berríos Rodríguez presentó una moción informativa con la que anejó el documento y le solicitó orientación en cuanto al curso a seguir.

Así, el 23 de octubre de 2024, el TPI emitió una *resolución interlocutoria* en la que dictaminó lo siguiente:

> Como parte del descubrimiento de prueba, la Trabajadora Social podrá entregar únicamente la información requerida que no esté dentro de lo que se considera su "work product".[1]

En desacuerdo, el Sr. Soto Ponce presentó una *Moción de reconsideración de orden [SUMAC #245] y para que se ordene la entrega de todo lo solicitado.* Adujo que la doctrina del *work product* no aplica a la perito TS Berríos Rodríguez, por lo cual, todo documento, opinión y teoría relacionada a la preparación del informe era descubrible.

En cuanto a dicha moción de reconsideración, el TPI dictó y notificó otra orden interlocutoria 6 de noviembre de 2024, en la que expuso:

> No es correcta la aseveración de la parte demandante de que "toda nota, documento, comunicación, impresiones mentales, opiniones y teorías relacionadas a la preparación de los borradores e informe social radicado ..." por la trabajadora social es descubrible. El Código de Ética Profesional del Colegio de Profesionales

---

[1] La resolución interlocutoria fue notificada el 24 de octubre de 2024. Véase, apéndice del recurso, pág. 9.

del Trabajo Social de Puerto Rico establece limitaciones, cómo conoce la parte demandante.

En el caso que nos ocupa, no existe reparo a que se permita el descubrimiento de lo requerido, siendo información que surja del expediente social y no contravenga lo antedicho.[2]

Inconforme con lo resuelto, el 6 de diciembre de 2024, el Sr. Soto Ponce instó el presente recurso, en el que apuntó los siguientes señalamientos de error:

1. Erró y abusó de su discreción el TPI al aplicar la excepción de "work product" para limitar el descubrimiento de prueba dirigido a la perito trabajadora social del caso, en clara desviación del debido proceso de ley y el derecho a impugnar y contrainterrogar testigos.

2. Erró crasamente el TPI al limitar el descubrimiento de prueba dirigido a la perito al amparo de un código de ética promulgado y redactado por la Junta del Colegio de Profesionales del Trabajo Social de PR cuando es claro que los reglamentos y las normas éticas de profesionales no se pueden interponer ante los derechos constitucionales, las leyes y la jurisprudencia.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[3]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[4] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

---

[2] *Íd.,* pág. 13.
[3] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[4] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[5]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[6] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

### III.

La contención del Sr. Soto Ponce es que, mediante las resoluciones interlocutorias emitidas, el TPI incurrió en abuso de discreción, prejuicio, parcialidad y un fracaso irremediable de la justicia.

Cual expuesto, la Regla 52.1 de Procedimiento Civil, *supra,* permite, por excepción, que este Tribunal revise resoluciones u órdenes interlocutorias dictadas por el TPI en casos de relaciones de familia. Sin embargo, la expedición del recurso de *certiorari* es un ejercicio discrecional y tal discreción tiene que ajustarse a los criterios dispuestos en la Regla 40 del Reglamento de este Tribunal, *supra.*

Evaluada la solicitud del Sr. Soto Ponce, concluimos que ésta no cumple con ninguno de los criterios establecidos en la Regla 40 del Reglamento de este Tribunal. Al examinar los argumentos esbozados por el Sr. Soto Ponce, y tras un análisis del tracto procesal

---

[5] *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).
[6] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

que motiva la presentación del recurso de epígrafe, no encontramos razón alguna para intervenir con la discreción del tribunal en esta etapa de los procedimientos.

La limitación decretada forma parte del amplio ejercicio de la discreción judicial, resulta razonable y no denota un abuso de discreción por parte del tribunal recurrido. Además, el Sr. Soto Ponce tampoco demostró que el TPI actuara con prejuicio o cometiera un error manifiesto en su determinación. Mucho menos estamos ante una situación en la que, al expedir el recurso de *certiorari,* evitemos un craso fracaso de la justicia.

Por tanto, ante la ausencia de justificación para intervenir con el dictamen recurrido, denegamos expedir el auto de *certiorari.*

## IV.

En virtud de lo antes expuesto, denegamos la expedición del auto de *certiorari.*

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Rivera Marchand disiente sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones